**Dolores Dagoberto DIAZ–LEMUS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71202.

Agency No. A29–255–758.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Dec. 7, 2004.

Jonathan M. Kaufman, Esq., Law Offices of Alan M. Kaufman, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Zita H. Brooks Fax, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

**918**

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM *

Dolores Diaz–Lemus, a native and citizen of El Salvador, seeks review of a final order of deportation issued by the Board of Immigration Appeals. The Immigration Judge (IJ) ordered Diaz–Lemus removed in absentia in 1990. Diaz–Lemus argues that he had reasonable cause for his failure to appear because he did not receive adequate notice.

Under section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b), as in effect at the time of the hearing, the IJ was required to give the alien "notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings [were to] be held." Such notice did not have to be written, but to satisfy due process it had to be "reasonably calculated to reach interested parties." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Just two months after Diaz–Lemus was ordered removed in absentia, Congress enacted the Immigration Act of 1990 requiring written deportation hearing notice of the September 28, 1990 hearing. Immigration Act of 1990, Pub.L. No. 101–649, § 545(a), 104 Stat. 4978, 5061 (1990).

Diaz–Lemus received written notice advising him of his original deportation hearing set for August 28, 1990. He appeared at that hearing, which was then continued until September 28, 1990 to allow Diaz–Lemus to secure counsel. According to the transcript, the IJ orally advised Diaz–Lemus at the August hearing that if he did not return on September 28th, "the court may proceed in your absence already appointed." This confusing statement is the only evidence of notice in the record. We conclude that Diaz–Lemus did not receive adequate notice that he was required to appear at the September 28, 1990 deportation hearing. The IJ therefore abused its discretion in denying the motion to reopen.

The petition for review is granted, and this case is remanded to the BIA with orders that Diaz–Lemus be scheduled for a deportation hearing.

GRANTED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.